[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-10829
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 16, 2012
JOHN LEY
CLERK

Agency No. A028-551-091


YADER RAMON CASTILLO-GUERRERO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(April 16, 2012)

Before EDMONDSON, WILSON and BLACK, Circuit Judges.


PER CURIAM:

Yader Ramon Castillo-Guerrero, a native and citizen of Nicaragua,

petitions for review of the order by the Board of Immigration Appeals ("BIA")

affirming the decision of the Immigration Judge ("IJ"). The IJ's decision denied asylum and withholding of removal.* No reversible error has been shown; we dismiss the petition in part and deny it in part.

We review the BIA's decision in this case because the BIA did not expressly adopt the IJ's decision. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). "While we consider the BIA's interpretation of applicable statutes de novo, 'we are also obliged . . . to defer to the BIA's interpretation . . . if that interpretation is reasonable." Id. (internal quotation omitted). And we review fact determinations under the "highly deferential substantial evidence test" whereby we "must affirm the BIA's decision if it is 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" Adefemi v. Ashcroft, 386 F.3d 1022, 1026-27 (11th Cir. 2004) (en banc). We "view the record evidence in the light most favorable to the . . . decision and draw all reasonable inferences in favor of that decision." Id. at 1027. To reverse a fact determination, we must conclude "that the record not only supports reversal, but compels it." Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003).

---

*The IJ also denied relief under the Convention Against Torture. We will not address this claim, however, because Castillo-Guerrero failed to challenge this denial in his appeal to the BIA -- and, thus, failed to exhaust his administrative remedies -- and fails to raise the issue on appeal. See Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250-51 (11th Cir. 2006); Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

2

An alien may obtain asylum if he is a "refugee," that is, a person unable or unwilling to return to his country of nationality "because of persecution or a well-founded fear of persecution on account of" a protected ground, including political opinion and membership in a particular social group. 8 U.S.C. §§ 1101(a)(42)(A), 1158(a)(1), (b)(1). The asylum applicant bears the burden of proving statutory "refugee" status with specific and credible evidence. Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1287 (11th Cir. 2005).

Castillo-Guerrero sought asylum and withholding of removal based on his membership in a particular social group consisting of people who resisted gang recruitment efforts. He contended that two neighborhood gangs tried to recruit him and threatened to kill him if he refused to join. When the gangs continued to harass him -- despite his reports to the police -- Castillo-Guerrero fled to Costa Rica, where he stayed for almost five years before entering the United States.

The BIA denied relief, concluding that Castillo-Guerrero failed to demonstrate that he was a member of a "particular social group" within the meaning of the Immigration and Nationality Act ("INA") because mistreatment on account of resistance to gang recruitment does not constitute persecution on account of a protected ground. The BIA also determined that the group that

3

Castillo-Guerrero described was "too amorphous" to be recognized as a particular social group.

For purposes of the INA, members of a "particular social group" are people with a "shared characteristic . . . such as sex, color, or kinship ties, or in some circumstances . . . a shared past experience such as former military leadership or land ownership." Castillo-Arias v. U.S. Att'y Gen., 446 F.3d 1190, 1193 (11th Cir. 2006). In determining whether a social group qualifies for protection under the INA, courts must consider whether the shared characteristic is immutable and whether it is socially visible. Id. at 1194. In other words, the shared characteristic "must be one that the members of the group either cannot change, or should not be required to change because it is fundamental to their individual identities or consciences" and one that is "highly visible and recognizable by others in the country in question." Id. at 1193-94.

Castillo-Guerrero has not identified himself as a member of a social group that meets these requirements. Although he may be at risk of persecution, that risk alone does not create a "particular social group". See id. at 1198. And nothing evidences that the gangs "would treat [Castillo-Guerrero] any differently from any other person the [gangs] perceived to have interfered with its activities." See id.; see also Matter of S-E-G-, 24 I.&N. Dec. 579 (BIA 2008) (concluding that a social

4

group consisting of people who had resisted recruitment efforts by a criminal gang "based on their own personal, moral, and religious opposition to the gang's values and activities" did not constitute a "particular social group" under the INA). Thus, Castillo-Guerrero has failed to demonstrate either that his proposed social group shares an immutable characteristic or is sufficiently visible.

Substantial evidence supports the BIA's decision that Castillo-Guerrero was unentitled to asylum; and we are not compelled to reverse the decision. Castillo-Guerrero's failure to establish eligibility for asylum forecloses his eligibility for withholding of removal. See Forgue, 401 F.3d at 1288 n.4.

PETITION DISMISSED IN PART, DENIED IN PART.